IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,260




EX PARTE JAVIER RAMIREZ TORREZ, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W89-A4891-J(A) IN THE CRIMINAL DISTRICT COURT NO. 3 
FROM DALLAS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
habitation and received eighty years’ deferred adjudication community supervision. His guilt was
later adjudicated, and he was sentenced to twenty years’ imprisonment. 
            Applicant was released on parole after serving approximately five years of his sentence. A
pre-revocation warrant was issued based on erroneous information on May 15, 2001. Applicant was
later arrested for a new offense on September 8, 2006. The erroneously-issued pre-revocation
warrant was never withdrawn. Applicant’s parole was revoked on the basis of the new offense on 
December 13, 2006. The revocation was not based on the allegations upon which the pre-revocation
warrant were issued, as those allegations were determined to pertain to someone other than
Applicant. However, Applicant is being denied street time credit for the period of his parole because
on the date of the issuance of the pre-revocation warrant, he had not reached the “mid-point” of his
remaining sentence. See Ex parte Spann, 132 S.W.3d 390, 396 (Tex. Crim. App. 2004).
            The trial court has entered findings of fact and conclusions of law, finding that the pre-revocation warrant was invalid or should have been withdrawn. The trial court concludes that the
erroneous warrant cannot be used to deny Applicant time credit to which he would otherwise be
entitled under Section 508.283(c) of the Texas Government Code.   The trial court recommends that
Applicant be granted credit for the time he was out on parole. The trial court’s findings, conclusions,
and recommendations are supported by the habeas record.
            Relief is granted. If Applicant's records have not already been corrected, the officials at the
Texas Department of Criminal Justice, Correctional Institution Division and Paroles Division are
hereby ordered to amend Applicant's records to reflect credit for time from the date of Applicant’s
release on parole to the date of his arrest on September 8, 2006. 
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Correction
Institution and Paroles Divisions.
 
Delivered: November 18, 2009
Do not publish